UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY BETH HARCROW, | |
| Plaintiff, | Case No. 3:18-cv-00828 |
| v. | Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |
| CLYDE HARCROW, et al., | |
| Defendants. | |

To:   The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

This action has been referred to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) and (B) to dispose or recommend disposition of any pretrial motions. (Doc. No. 4.)

Plaintiff Mary Beth Harcrow, appearing pro se, has filed a motion for an emergency hearing and preliminary injunction (Doc. No. 7). To the extent that Harcrow seeks a preliminary injunction as such, the Court must defer ruling on that motion until all defendants have been served. Fed. R. Civ. P. 65(a)(1). To the extent that Harcrow requests an ex parte temporary restraining order, she has failed to comply with the requirements of Rule 65(b)(1) and Local Rule 65.01(c). The Magistrate Judge therefore RECOMMENDS that her motion (Doc. No. 7) be DENIED WITHOUT PREJUDICE to refiling if appropriate in compliance with the federal and local rules. Fed. R. Civ. P. 65(b)(1); M.D. Tenn. R. 65.01(c).

I.   **Factual and Procedural Background**

In her first amended verified complaint, Harcrow alleges that her husband Clyde Harcrow has conspired with police officers in the City of Millersville, Tennessee, to intimidate her, silence

her, prevent her from pursuing a divorce, and cover up spousal abuse. (Doc. No. 6, PageID# 57–58.) After experiencing the alleged abuse, Harcrow sought an order of protection against her husband in the Delaware courts, where he resides. (*Id.* at PageID# 68, ¶ 34.) On January 5, 2018, the Family Court of the State of Delaware for New Castle County granted Harcrow's ex parte motion for a protective order. (*Id.* at PageID# 65, 93–95.) The court forbade Harcrow's husband from possessing firearms and ordered him to stay 100 yards away from Harcrow's person, residence, and workplace. (*Id.* at PageID# 65, 94.) On March 9, 2018, after a hearing in which it appears both sides participated,[1] the court renewed the January 5, 2018 order, granted M. Harcrow "exclusive use and possession" of the marital residence located in Goodlettsville, Tennessee (the Goodlettsville Property), and ordered Harcrow's husband not to "transfer, encumber, conceal or in any way dispose of any property in which [Harcrow] has a legal interest." (*Id.* at PageID# 98–99.) The order states that it complies with 18 U.S.C. § 2265 and is entitled to "full faith and credit in any State, Territory, or Indian Nation." (*Id.* at PageID# 99.) The order expires on March 9, 2019. (*Id.* at PageID# 98.)

Harcrow alleges that, despite the Delaware protective order's mandate, on September 18, 2018, her husband trespassed on the Goodlettsville Property with the help of Defendants Joseph Y. Longmire, Angelle H. Richardson, Leslie H. Harcrow (L. Harcrow), and John Does 1–99. (*Id.* at PageID# 67.) Harcrow also alleges that Defendants Katherine Brown Walker and Sumner County, Tennessee, refused to enforce the protective order. (*Id.* at PageID# 77.) Harcrow brings claims against all defendants under Tennessee Code Annotated § 39-17-309 and 42 U.S.C. §§ 1983 and 1988, and seeks $8.5 million in damages. (*Id.* at PageID# 74.) She brings additional

---

[1] The order shows that both M. Harcrow and C. Harcrow were represented by counsel. (Doc. No. 6, PageID# 98.)

claims against her husband for physical assault, sexual assault and battery, civil conversion, and intentional infliction of emotional distress, and seeks in excess of $8 million in damages. (*Id.* at PageID# 79–87.) Harcrow has not yet effected service as required by Federal Rule of Civil Procedure 4.

On October 16, 2018, Harcrow filed the pending verified motion for emergency hearing and preliminary injunction, in which she provides more context for the alleged trespass on the Goodlettsville Property.[2] (Doc. No. 7.) Harcrow states that, on September 18, 2018, she called the police to report a suspected burglary after finding her husband and others allegedly hired by him "climbing on the roof of the Goodlettsville Property." (*Id.* at PageID# 109, ¶ 13.) When the police arrived, Harcrow showed them the Delaware protective order, which she states they ignored. Harcrow states that the police said they stating that they "knew [her] to be a troublemaker" and that they were "under no obligation to comply with an out of state order of any kind, let alone a [protective order]." (*Id.* at PageID# 109–10.) It appears that Harcrow's husband may have been acting pursuant to an August 27, 2018 order issued by the Circuit Court for Sumner County, Tennessee, granting him the right to inspect the Goodlettsville Property and inventory its contents. (*Id.* at PageID# 146–47.) Harcrow states that her husband has filed a motion in that court to compel her to comply with that order. (*Id.* at PageID# 110, ¶ 18.)

Harcrow asks the Court to (1) hold a hearing on her motion, (2) issue a preliminary injunction enjoining her husband, Longmire, Richardson, L. Harcrow, Walker, Sumner County, John Does 1–99, the City of Millersville, and anyone associated with those individuals or entities "from any further intentional and ongoing violations of Federal and Tennessee law with respect to

---

[2] Harcrow also filed a "Motion for Judicial Notice of Delaware PFA and Judicial Facts in Support of Emergency Motion for TRO." (Doc. No. 8.) The Court considers that filing as an exhibit to the present motion.

the March 9, 2018 Delaware Order of Protection (PFA) . . . ", and (3) order her husband and anyone associated with him "to immediately cease and desist from any and all efforts to undermine and/or interfere with [her] exclusive possession and use of the Goodlettsville Property, including but not limited to any effort to conduct an [']inventory' or related activity on such Property before March 9, 2019." (*Id.* at PageID# 114.) Harcrow argues that denying her motion would render the Delaware protective order "defunct and meaningless" and cause her to suffer again the physical and emotional injuries inflicted by her husband. (*Id.* at PageID# 111.)

## II. Legal Standard

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Under Rule 65(a)(1), the Court can issue a preliminary injunction only "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The Court may issue a temporary restraining order (TRO) on an ex parte basis if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(b)(1)(B); *see also First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (explaining that "the only type of injunctive relief that a district court may issue ex parte is a temporary restraining order"). This Court's Local Rule 65.01(c) emphasizes that a "motion for a TRO must be made in strict compliance with Rule 65 of the *Federal Rules of Civil Procedure*" and adds that, when the movant is pro se, she "must certify in writing the efforts made to give notice of the request for a TRO and the reasons why notice should not be required." M.D. Tenn. R. 65.01(c).

The strict rules governing ex parte temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Hancox v. Citimortgage, Citifinancial, Cmty. Mortg.*, No. 13-2629-STA-DKV, 2013 WL 12049113, at *1 (W.D. Tenn. Aug. 15, 2013) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)). An ex parte temporary restraining order is thus "an extraordinary measure" that will only by granted if the movant "clearly shows that such relief is warranted." *Farrell v. Harvey Elam Fair Value Appraisal Servs.*, No. 11-CV-12368, 2011 WL 13220291, at *1 (E.D. Mich. June 3, 2011) (quoting *Schuh v. Mich. Dep't of Corr.*, No. 09-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010)). When issued, an ex parte restraining order "should be limited to preserving the status quo only for so long as is necessary to hold a hearing." *First Tech. Safety Sys., Inc.*, 11 F.3d at 650.

**III.    Analysis**

Harcrow has not shown that she will suffer "immediate and irreparable injury, loss, or damage" before the parties against whom she seeks injunctive relief appear and can be heard. This deficiency alone is grounds to deny her motion for an ex parte restraining order. Fed. R. Civ. P. 65(b)(1)(A). Harcrow offers no evidence that an inspection of the Goodlettsville Property is imminent. It appears that her husband has filed a motion in the Circuit Court for Sumner County seeking to compel Harcrow to allow an inspection to move forward. (Doc. No. 7, PageID# 146.) In the absence of any information about the status of that motion, the Court cannot conclude that the inspection poses an immediate threat. *See Farrell v. Harvey Elam Fair Value Appraisal Servs.*, No. 11-CV-12368, 2011 WL 13220291, at *1 (E.D. Mich. June 3, 2011) (holding that plaintiff had not shown that an ex parte restraining order halting an eviction was warranted where he had "not

5

provided any evidence, such as an eviction notice, from which the Court [could] conclude that eviction [was] actually imminent").

Nor has Harcrow described her efforts to give notice to the defendants and the reasons why it should not be required, which offers an independent reason to deny her motion for an ex parte order. Fed. R. Civ. P. 65(b)(1)(B); *see also Hancox*, 2013 WL 12049113, at *2. That burden applies equally to pro se plaintiffs and represented parties' counsel, *see Turner v. Clelland*, No. 1:15CV947, 2016 WL 1069665, at *3 (M.D.N.C. Mar. 16, 2016) (collecting cases); *Valladares v. Nationstar Mortg. LLC*, No. CV 15-8514-GW(GPSX), 2015 WL 12866245, at *3 (C.D. Cal. Nov. 5, 2015) (same), as reflected by Local Rule 65.01(c). M.D. Tenn. 65.01(c) (Fed. R. Civ. P. 65).

Because Harcrow has not complied with Rule 65(b)(1) or Local Rule 65.01(c), her motion for an ex parte emergency hearing and temporary restraining order should be DENIED.

## IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Harcrow's motion for an emergency hearing and ex parte temporary restraining order (Doc. No. 7) be DENIED. To the extent that Harcrow has moved for a preliminary injunction, the Magistrate Judge RECOMMENDS that the Court defer ruling on such a motion until after the adverse parties have been served and received notice of it, consistent with Rule 65(a)(1).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of October, 2018.

.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge