UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARY BETH HARCROW,

    Plaintiff,

v.

CLYDE HARCROW, et al.,

    Defendants.

Case No. 3:18-cv-00828

Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

In this action, pro se Plaintiff Mary Beth Harcrow (Harcrow) alleges that her husband, Defendant Clyde Harcrow (C. Harcrow) conspired with John Doe Defendants who are police officers and other employees of Defendant Sumner County, Tennessee, or Defendant the City of Millersville, Tennessee to harass her, prevent her from divorcing C. Harcrow, and cover up C. Harcrow's spousal abuse. (Doc. No. 6.) She further alleges that C. Harcrow, with the help of Defendants Joseph Y. Longmire, Angelle H. Richardson, Leslie H. Harcrow (L. Harcrow), and John Does 1–99, violated a protective order that prohibited him from entering the marital residence in Goodlettsville, Tennessee, and that Sumner County and Defendant Katherine Brown Walker refused to enforce that order. (*Id.*) Harcrow has sued the defendants for various violations of state and federal law and seeks declaratory and injunctive relief and damages. (*Id.*)

This order concerns (1) the absence of proof of service for C. Harcrow, L. Harcrow, Richardson, the City of Millersville, and John Does 1–99 and (2) Harcrow's failure to respond to Sumner County's motion for a more definite statement (Doc. No. 21) and Walker's motion to dismiss (Doc. No 24). For the reasons that follow, Harcrow will be ordered to show cause why her claims against C. Harcrow, L. Harcrow, Richardson, and the City of Millersville should not be

dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). She will also be ordered to show cause why the pending motions (Doc. Nos. 21, 24) should not be granted as unopposed and why, alternatively, this action should not be dismissed without prejudice for her failure to prosecute her claims.

I.  **Unserved Defendants**

Rule 4(m) states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure, the court must extend the time for service. *Id.* Rule 4(l) provides that, unless service has been waived or is being effected by the U.S. Marshal, "proof of service must be made to the court . . . by the server's affidavit." Fed. R. Civ. P. 4(l). "[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs." *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (quoting *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992))). Without personal jurisdiction being

properly established, a court cannot exercise its authority consistent with due process of law. *Friedman*, 929 F.2d at 1156.

On September 19, 2018, the Court notified Harcrow that "**she is responsible for effecting service of process on the defendants** in accordance with . . . Rule 4 of the Federal [Rules] of Civil Procedure," and directed her to the Court's online resources on that topic. (Doc. No. 4, PageID# 42 (emphasis in original).) Summonses issued for all the defendants except John Does 1–99 on January 23, 2019. (Doc. No. 12.) To date, Harcrow has not filed proof of service for any defendant. However, Longmire, Sumner County, and Walker have waived the defense of insufficient service of process by filing motions under Federal Rule of Civil Procedure 12 (Doc. Nos. 14, 21, 24) that do not argue that Harcrow's service was defective.[1] *See King*, 694 F.3d at 656 (explaining that, under Federal Rule of Civil Procedure 12(h)(1)(A), "a defendant who files a motion under Rule 12, yet fails to raise in that motion the defense of insufficient service of process, forever 'waives' that defense"). Counsel for the City of Millersville entered a limited appearance on February 13, 2019, to move for an extension of time to file a responsive pleading "to challenge, in part, service." (Doc. No. 13.) The City of Millersville has not subsequently filed a motion for an extension of time or herwise responded to Harcrow's complaint. None of the remaining defendants has appeared in this action.

It has been well over ninety days since Harcrow filed this action and she has not filed proof of service for C. Harcrow, L. Harcrow, Richardson, or the City of Millersville, none of whom has waived service of process. She also has not identified any John Doe defendant. Harcrow must

---

[1] Although Sumner County filed its motion for a more definite statement on behalf of itself and "to the extent applicable, the unknown John Doe Defendants," it is not clear at this time whether those defendants are employees of the County or of the City of Millersville, and therefore the Court will not conclude that the County's motion waived any objection to service of process that the Does might have. (Doc. No. 21, PageID# 398.)

therefore show good cause for her failure to achieve service. If she does not do so, the Court must dismiss her claims without prejudice. Fed. R. Civ. P. 4(m).

**II.      Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363).

Harcrow has not responded to Sumner County's February 25, 2019 motion for a more definite statement (Doc. No. 21) or Walker's February 27, 2019 motion to dismiss (Doc. No. 24). Under this Court's Local Rules, it appears that any response in opposition to those motions would now be untimely and that the motions should be deemed unopposed. M.D. Tenn. R. 7.01(a)(3) (response) ("Except for motions for reconsideration . . . , any party opposing a motion must serve and file a memorandum of law in response . . . not later than fourteen (14) days after service of the motion . . ." and "[i]f a timely response is not filed, the motion shall be deemed to be unopposed . . . ."). Given her pro se status, however, the Court will afford Harcrow an opportunity to show that good cause exists to permit her to file untimely responses.

**III.    Conclusion**

For the foregoing reasons, Harcrow is ORDERED to show cause by May 2, 2019, why her claims against C. Harcrow, L. Harcrow, Richardson, the City of Millersville, and John Does 1–99 should not be dismissed for failure to comply with Rule 4. She is further ORDERED to show cause by May 2, 2019, why the defendants' pending motions (Doc. Nos. 21, 24) should not be granted as unopposed and why, alternatively, this action should not be dismissed without prejudice under Rule 41(b) for her failure to prosecute her claims.

Harcrow is warned that her failure to respond to this order will likely lead to the recommendation that the defendants' motions be granted as unopposed or that this action be dismissed without prejudice due to her failure to prosecute her claims.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge