IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARY BETH HARCROW, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00828 |
| CLYDE HARCROW, et al., | ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 53), which was filed on August 12, 2019. Through the Report and Recommendation, the Magistrate Judge recommends that Defendant Longmire's and Defendant Richardson's motions to dismiss (Doc. Nos. 14, 44) be granted in part and denied in part. The Magistrate Judge further recommends that Plaintiff be granted leave to amend her complaint to include the allegations she has made in other filings that supplement her claims, and that Defendant Walker's motion to dismiss (Doc. No. 24) be granted and Plaintiff's claims against Defendant Walker in her official and individual capacities be dismissed.

Longmire, Richardson, and Plaintiff filed objections to the Report and Recommendation. (Doc. Nos. 54, 55). After a *de novo* review, and for the following reasons, the parties' objections are OVERRULED and the Report and Recommendation is ADOPTED.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See*

*Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. ANALYSIS

### A. Longmire and Richardson

Longmire and Richardson disagree with the Magistrate Judge's recommendation that their motions to dismiss be denied with respect to Plaintiff's Section 1983 claims and that Plaintiff be granted leave to amend her complaint. (Doc. No. 54).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that each defendant (1) deprived her of a federal constitutional or statutory right (2) while acting under color of state law. *Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999). In their respective motions to dismiss, Longmire and Richardson argued Plaintiff's Section 1983 claims against them failed because they were not acting under color of law for purposes of liability under Section 1983, and because Plaintiff's allegations that they aided and abetted C. Harcrow's illegal conduct were too vague to state a claim for relief. (Doc. No. 53 at 7 (citing Doc. Nos. 15, 45)). The Magistrate Judge correctly pointed out that Longmire or Richardson could be considered state actors subject to liability under Section 1983 if they conspired with a state official to violate Plaintiff's rights, and that to plead such a conspiracy, Plaintiff needed to allege "that there was a single plan, that [each] alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused [Plaintiff] injury . . ." (Doc. No. 53 at 13 (citing *Memphis, Tennessee Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)).

The Magistrate Judge determined Plaintiff's first amended complaint adequately alleged the first and third elements of a Section 1983 conspiracy but failed to sufficiently allege the second element, that Longmire and Richardson shared in the conspiratorial objective, because the unelaborated allegations of aiding and abetting were insufficient to demonstrate what Longmire and Richardson each did to violate Plaintiff's asserted constitutional rights. (Doc. No. 53 at 14). However, the Magistrate Judge noted Plaintiff's other filings contained additional pertinent factual allegations against Longmire and Richardson, including:

- Longmire and Richardson pleaded with the Doe Officers to have Harcrow arrested during the alleged trespass on September 18, 2018. (Doc. Nos. 7, 50.)

3

- One of the Doe Officers told Harcrow that he had "heard all about [her]" and intended to arrest her. (Doc. No. 50, PageID# 651.)

- Richardson then approached Harcrow with balled fists and began yelling insults at her in an attempt to provoke an altercation that would lead to Harcrow's arrest. (Doc. Nos. 50.) Harcrow escaped by locking herself in her car. (*Id*.)

- Longmire and Richardson, along with C. Harcrow, L. Harcrow, and the Doe Officers, trespassed on the Goodlettsville property twice in November 2018, rifling through and converting Harcrow's personal property. (Doc. No. 50.)

The Magistrate Judge determined these allegations were sufficient, at the pleading stage, to demonstrate Longmire and Richardson shared in the conspiratorial objective to violate Plaintiff's civil rights, and that Plaintiff should be afforded an opportunity to include them in her complaint. (Doc. No. 53 at 15).

Longmire and Richardson do not object to the Magistrate Judge's statement of the law or her determination that Plaintiff's first amended complaint sufficiently alleged two of the three elements for her Section 1983 conspiracy claim. They disagree with the Magistrate Judge's conclusions that Plaintiff's additional allegations against them in her other filings were sufficient to demonstrate either of them shared in the conspiratorial objective to violate Plaintiff's civil rights, and that Plaintiff should be afforded an opportunity to include them in her complaint. (Doc. No. 54). Longmire and Richardson assert Plaintiff should not be granted leave to amend her complaint, arguing the amendment to include the additional factual allegations from her other filings would be futile because those allegations are untrue and lack the required specificity to plausibly allege Longmire or Richardson shared in the conspiratorial objective to violate Plaintiff's rights. (Doc. No. 54 at 6-8).

The Court agrees with the Magistrate Judge that Plaintiff's factual allegations in her other filings, accepted as true at this stage, demonstrate what Longmire and Richardson each allegedly did to violate Plaintiff's asserted constitutional rights and are sufficient to allow the Court to

reasonably infer that Longmire and Richardson shared in the conspiratorial objective to violate Plaintiff's rights. The Court further agrees that Plaintiff should be afforded an opportunity to include those additional factual allegations in her complaint. *See* Fed. R. Civ. P. 15(a); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

### B. Plaintiff

Plaintiff's objections pertain to the Report and Recommendation's Factual History. (Doc. No. 55). Plaintiff has not demonstrated any of her objections undermine the Report's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation.

### III. CONCLUSION

Having reviewed the Report and Recommendation and fully considered the parties objections, for the reasons stated herein, the Court concludes that the Report and Recommendation should be adopted and approved. Accordingly, Defendant Longmire's and Defendant Richardson's motions to dismiss (Doc. Nos. 14, 44) are **GRANTED** with respect to Plaintiff's claims under Tennessee Code Annotated § 39-17-309 and § 1985(3), but **DENIED** with respect to Plaintiff's Section 1983 claims and Defendant Longmire's challenge to the Court's subject-matter jurisdiction. Plaintiff is granted leave to amend her complaint to include the allegations she has made in other filings that supplement her claims. Defendant Walker's motion to dismiss (Doc. No. 24) is **GRANTED**, and Plaintiff's claims against Defendant Walker in her official and individual capacities are **DISMISSED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE