IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARY BETH HARCROW, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00828 |
| CLYDE HARCROW, et al., | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) | |

### ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 157), which was filed on September 10, 2020. Through the Report and Recommendation, the Magistrate Judge recommends that Plaintiff's motion seeking leave to file an untimely proof of service (Doc. No. 146) be denied, Defendant Clyde Harcrow's and Defendant Leslie Harcrow's second motion to dismiss (Doc. No. 126) be granted, and that their first motion to dismiss (Doc. No. 90) be denied as moot.

Plaintiff filed an objection (Doc. No. 158) to the Report and Recommendation. For the reasons discussed below, the Magistrate Judge's Report and Recommendation will be adopted and approved.

### I.   STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.*

(quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

The Magistrate Judge recommended that Plaintiff's motion for leave to file untimely proof of service be denied because Plaintiff failed to serve Defendants Clyde Harcrow and Leslie Harcrow by the twice extended deadline of October 18, 2019, and Plaintiff failed to show good cause to extend the deadline for service of process for a third time. (Doc. No. 157 at 10-12).

Plaintiff's objection (Doc. No. 158) does not directly challenge the reasoning of the Report and Recommendation or lodge a specific objection. Instead, Plaintiff asserts that the Court should not accept the Report and Recommendation because Defendant Clyde Harcrow was properly served with process on May 18, 2020, but a duplicate of Leslie Harcrow's proof of service was inadvertently misfiled as the proof of service for Clyde Harcrow. (*See* Doc. No. 158). Plaintiff does not object to the Magistrate Judge's statement of the law or her determination that Plaintiff failed to show good cause to extend the deadline for service of process for the third time. Thus, Plaintiff has not demonstrated that her objection undermines the Report's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation.

## III. CONCLUSION

Having reviewed the Report and Recommendation and considered Plaintiff's objection, the Court concludes that the Report and Recommendation (Doc. No. 157) should be adopted and approved. Accordingly, Plaintiff's motion seeking leave to file an untimely proof of service (Doc. No. 146) is **DENIED**, Defendant Clyde Harcrow's and Defendant Leslie Harcrow's second

2

Case 3:18-cv-00828   Document 160   Filed 02/04/21   Page 2 of 3 PageID #: 2215

motion to dismiss (Doc. No. 126) is **GRANTED**, and Defendants' first motion to dismiss (Doc. No. 90) is **DENIED** as moot.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE