UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY BETH HARCROW,<br><br>    Plaintiff,<br><br>v.<br><br>CLYDE HARCROW, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00828<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

Plaintiff Mary Beth Harcrow brings this civil rights action under 42 U.S.C. §§ 1983 and 1985 and Tennessee law. Defendants Sumner County, Tennessee, the Sumner County Sheriff, members of the Judicial Commission of Sumner County, and multiple unnamed John Doe defendants have moved to dismiss the claims brought against them in Harcrow's third amended complaint. (Doc. No. 134.) For the reasons that follow, the Magistrate Judge will recommend that the motion to dismiss be granted (Doc. No. 134) and that these defendants' prior motion to dismiss, filed before Harcrow's most recent amendment of her complaint, be denied as moot (Doc. No. 99).

**I.   Factual and Procedural Background**

The long factual history of this action has been provided in detail elsewhere (Doc. Nos. 53, 56) and will not be repeated here. What follows is the procedural history relevant to the motions to dismiss and Harcrow's claims against Sumner County, the Sumner County Sheriff, the Judicial Commission of Sumner County, and the John Doe defendants.

### A. Harcrow's Complaint and First Amended Complaint

Harcrow initiated this action on September 4, 2018, by filing a complaint alleging that Defendants Clyde Harcrow, John Does 1–99, and the City of Millersville, Tennessee, conspired to violate her civil rights and prevent her from divorcing Clyde Harcrow. (Doc. No. 1.) Harcrow amended her complaint one month later, adding claims against several defendants including Sumner County and identifying the John Doe defendants as "police officers employed by either Sumner County or the City of Millersville, TN, and other persons acting with and/or associated with such police officers," and as "fictitious parties, the true identity(ies) of which have not yet been fully determined . . . ." (Doc. No. 6.)

Sumner County moved for a more definite statement, arguing that Harcrow's first amended complaint was "unclear as to what constitutional rights are alleged to have been violated by Sumner County[,]" "which actions are alleged to have been committed by the John Doe Defendants, and which are ascribed to Sumner County." (Doc. No. 21.) Harcrow did not respond, and the Court ordered Harcrow to show cause (1) why Sumner County's motion for a more definite statement should not be granted as unopposed or, alternatively, why the action should not be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute her claims and (2) why her claims against several defendants, including the Doe defendants, should not be dismissed under Federal Rule of Civil Procedure 4 because they had not been served in accordance with that rule's requirements. (Doc. No. 28.) Harcrow did not comply with that order by the date set by the Court and the Court again ordered Harcrow to show cause why her claims against these defendants should not be dismissed for failure to prosecute and failure to effect timely service. (Doc. No. 38.) Harcrow responded to the second show-cause order, stating that Sumner County is named in this action "on behalf of persons employed by the County, including police officers, identified in Plaintiff's Complaint as the 'John Doe' defendants"; that the Doe defendants

2

"include, but are not limited to, employees of Sumner County who, after March 2018, were/are charged with any responsibility to process, promulgate, and enforce domestic violence protective orders . . ."; and that she expected to determine the "names, identities, or job descriptions" of the Doe defendants through discovery. (Doc. No. 39.)

### B. Second Amended Complaint and Sumner County's First Motion to Dismiss

On September 20, 2019, the Court granted Harcrow leave to amend her complaint to include all allegations she had made in other filings (Doc. No. 57) and directed the Clerk's office to administratively terminate Sumner County's motion for a more definite statement. Based on Harcrow's representation that she planned to identify the Doe defendants through discovery, the Court allowed a limited period of discovery for that purpose. (*Id.*) The Court ordered Harcrow "to file a proposed second amended complaint by December 9, 2019, that (1) consolidates [the claims she had made across various filings;] and (2) identifies the Doe Officers who allegedly violated Harcrow's rights and provides her allegations and claims against them." (*Id.*) The Court warned Harcrow that failure to comply with its order could lead to a recommendation that her claims be dismissed. (*Id.*)

On December 4, 2019, Harcrow filed a document entitled "Third Verified Amended Complaint." (Doc. No. 68.) The Court found that this filing did not comply with the its local rules regarding amendments and ordered Harcrow "to file a proposed second amended complaint that complies with the Court's September 20, 2019 order and this Court's Local Rules by December 16, 2019." (Doc. No. 69.) Harcrow was once again warned that failure to comply could lead to a recommendation of dismissal for failure to prosecute. (*Id.*) On December 16, 2019, Harcrow filed a second amended complaint that omitted several previously named defendants. (Doc. No. 70.) Rather than identifying and providing allegations against specific individuals as required by the Court's September 20, 2019 order, the second amended complaint continued to include claims

3

against the Doe defendants and stated that discovery was required to determine their identities. (*Id.*)

On March 25, 2020, Sumner County filed a motion to dismiss under Rule 41(b), arguing that dismissal was warranted because Harcrow had failed to obey the Court's prior orders to identify the Doe defendants through discovery (Doc. Nos. 99, 100). Harcrow filed a response that identified several Sumner County employees by whom she was allegedly injured, including Pat Draper, Chairman of the Sumner County Judicial Commission; all other persons who were Commissioners on the Sumner County Judicial Commission during the period of March, 2018 through August, 2018; Sumner County Sheriff Sonny Wetherford; Lt. R. Glenn, Sumner County Sheriff's Department; Major Carl Elison, Sumner County Sheriff's Department; Sumner County Law Director Leah Pat Dennen; and "[a]ll other persons who directly or indirectly processed, promulgated and/or assisted in the enforcement of Domestic Violence Protection From Abuse Orders ("PFA's") during the period of March, 2018 through August, 2018." (Doc. No. 115.)

In its reply, Sumner County argued that Harcrow's identification of these defendants without taking the discovery allowed by the Court's September 20, 2019 order showed that Harcrow could have named them in her original filings and that her inclusion of "'all other persons who were Commissioners on the Sumner County Judicial Commission' and 'all other persons who directly or indirectly processed, promulgated and/or assisted in the enforcement of Domestic Violence Protection From Abuse Orders'" was an attempt to continue naming Doe defendants in violation of the Court's order. (Doc. No. 116.)

### C. Third Amended Complaint and Sumner County's Second Motion to Dismiss

On April 15, 2020, the Court granted a motion for a more definite statement filed by Defendants Joseph Y. Longmore and Angelle H. Richardson (Doc. No. 72) and ordered Harcrow to file a third amended complaint (Doc. No. 117.) Harcrow's third amended complaint was

4

docketed on April 23, 2020. (Doc. No. 120.) The defendants named in the third amended complaint include, among others, Sumner County, the Doe defendants, the Sumner County Sheriff, and members of the Sumner County Judicial Commission. (*Id.*) The third amended complaint once again states that Harcrow "is not presently aware of the identities of the persons employed by Sumner County to process, promulgate and enforce domestic violence protective orders . . . but expects to determine [the identities of such persons] through discovery promulgated in this case . . . ." (*Id.*)

On May 7, 2020, Sumner County filed a motion to dismiss the third amended complaint on behalf of the Sumner County Sheriff, the Doe defendants "and[,] to the extent applicable," the Judicial Commission, although Sumner County states that no such entity exists. (Doc. Nos. 134, 135.) On May 20, 2020, Harcrow responded in opposition, stating that she intended to voluntarily dismiss her claims against "the 'John Doe' Defendants employed by Defendant Sumner County, TN," the Sumner County Sheriff, and the Judicial Commission under Rule 41(a)(1)(A). (Doc. No. 147.) Harcrow further argues that dismissal of her claims against Sumner County under Rule 41(b) is not warranted because this action "ha[s] scarcely begun[, t]he start date for discovery ha[s] not even been decided[,]" and "[n]othing in the brief life of this case has affected Defendant Sumner County's legal rights or its ability to mount a defense." (*Id.*) Sumner County replied that Harcrow's failure to identify and name the Doe Defendants, along with her "puzzling . . . recent dismissal of those individuals on whose actions the claims against Sumner County are based," constitute a "persistent pattern of dilatory and contumacious conduct" that has interfered with Sumner County's ability to investigate and defend against Harcrow's claims against it and "required [Sumner County] to file multiple motions attempting to clarify [Harcrow]'s allegations

5

against it." (Doc. No. 153.) Sumner County maintains that the prejudice it has suffered as a result of Harcrow's conduct warrants dismissal under Rule 41(b). (*Id.*)

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Harcrow proceeds pro se, the Court construes her filings "'liberally'" and holds her complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B.     Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or

contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, "the controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

#### A. Sumner County's First Motion to Dismiss

Sumner County's first motion to dismiss (Doc. No. 99) was directed at Harcrow's second amended complaint (Doc. No. 70). Generally, the filing of a subsequent amended complaint nullifies earlier complaints and renders moot any motions to dismiss those earlier filings. *ABB v. Reed City Power Line Supply Co.*, No. 1:07–cv–420, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007). Sumner County's first motion to dismiss was rendered moot by Harcrow's third amended complaint and should be denied.

#### B. Harcrow's Notice of Voluntary Dismissal

Harcrow's purported dismissal of the Sumner County Sheriff, Judicial Commission, and the Doe defendants employed by Sumner County is not permissible under Rule 41(a), which allows plaintiffs to voluntarily dismiss an "action," not a "claim." Fed. R. Civ. P. 41(a)(1)(A). As employed in this context, an "action" is "the entire controversy." *Letherer v. Alger Grp.*, 328 F.3d

262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Cap. Mgmt.*, 511 F.3d 633, 636 (6th Cir. 2008). "In the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can only be used to dismiss all claims against all defendants, not individual claims or parties." *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty, Ky.*, No. 12–58–ART, 2012 WL 3644968, at *1 (E.D. Ky. Aug. 24, 2012).

District courts in the Sixth Circuit "routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims." *Cunningham v. Rapid Cap. Funding*, No. 3:16–cv–2629, 2019 WL 5783670, at *1 (M.D. Tenn. Nov. 6, 2019). While a notice of dismissal filed under Rule 41 is self-effectuating, *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993), Rule 21 requires that the court determine whether dismissal of the claims against a party is appropriate. Fed. R. Civ. P. 21; *see also Cunningham*, 2019 WL 5783670, at *1 ("The decision to dismiss a party is within the discretion of the court."). Because the parties have not addressed dismissal under Rule 21 and Sumner County has provided other grounds for dismissal of Harcrow's claims, the Court should decline to construe Harcrow's notice of dismissal as a motion for dismissal under Rule 21 and should dismiss Harcrow's claims on the alternate grounds identified by Sumner County.

### C. Sumner County's Second Motion to Dismiss

#### 1. Federal Rule of Civil Procedure 12(b)(6)

Dismissal of the claims against the Sumner County Sheriff and Judicial Commission is appropriate under Rule 12(b)(6) because Harcrow's claims against the Sumner County Sheriff are redundant and duplicative of her claims against Sumner County and the Judicial Commission does not exist as a legal entity.

### a. Claims Against the Sumner County Sheriff

Sumner County argues that, because the third amended complaint does not specify the capacity in which Harcrow is suing the Sumner County Sheriff, it must be construed to assert official-capacity claims only. (Doc. No. 135.) Harcrow does not address this argument in her response. (Doc. No. 147.) "Generally, if a plaintiff does not specify the capacity of [her] suit against a defendant, official capacity is presumed unless the allegations of the complaint would provide notice to a defendant of the plaintiff's intent to sue him or her in an individual capacity." *Brown v. CCA/Metro. Davidson Det. Facility*, No. 3:13–cv–00423, 2013 WL 3071052, at *2 (M.D. Tenn. June 18, 2013) (citing *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)); *see also Shepherd v. Wellman*, 313 F.3d 963, 967–68 (6th Cir. 2002) (explaining the Sixth Circuit "require[s] § 1983 plaintiffs to 'set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials'" (quoting *Wells*, 891 F.2d at 593 (6th Cir. 1989))). To determine whether defendants in a § 1983 action have received adequate notice that they are being sued in their individual capacities, the Sixth Circuit applies a "course of proceedings test" in which courts examine, among other things, the nature of the plaintiff's claims and requests for compensatory or punitive damages. *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001).

Harcrow's third amended complaint, construed liberally, does not support claims against the Sumner County Sheriff in an individual capacity. The complaint refers only to the "Sumner County Sheriff" and does not identify the Sheriff by name. *Cf. Moore*, 272 F.3d at 773 (6th Cir. 2001) (*en banc*) (holding that references to defendant officers by name throughout the complaint placed defendants on notice that they were being sued in their individual capacities). Although the Sumner County Sheriff is named in Count I of the third amended complaint, which states that Harcrow seeks compensatory and punitive damages, that count lists all of the defendants to the

action—including Sumner County, against which punitive damages are not available—and does not differentiate among the claims or types of relief being sought from each defendant. (Doc. No. 120.) Accordingly, the Court construes the third amended complaint as naming the Sumner County Sheriff only in his official capacity.

Sumner County argues that any suit against the Sumner County Sheriff in his official capacity is the equivalent of a suit against Sumner County and therefore should be dismissed as "redundant and duplicative of the claims against Sumner County itself." (Doc. No. 135.) It is well-settled that an official capacity suit against a government official is effectively a suit against the government entity. *See, e.g., Petty v. Cnty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that [the plaintiff's Section 1983] suit is against [the Sheriff] in his official capacity, it is nothing more than a suit against Franklin County itself." (citing *Ky. v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."))). Because Sumner County is a defendant in this action, there is no basis for a separate official capacity suit against the Sumner County Sheriff and Harcrow's claims against him should be dismissed under Rule 12(b)(6). *See, e.g., Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:06–cv–0108, 2008 WL 501327, at *6 (M.D. Tenn. Feb. 21, 2008) (dismissing official capacity § 1983 claims against government officer where the government entity was also named as a defendant for those claims).

### b. Claims against the Judicial Commission

Sumner County asserts that there is no entity within the its government known as the Sumner County Judicial Commission. (Doc. No. 135.) Harcrow has offered no evidence or argument to the contrary. An entity that does not exist cannot be sued, and Harcrow's claims against the Judicial Commission must therefore be dismissed.

To the extent the third amended complaint identifies the Judicial Commission as the department "responsible for processing domestic violence protective [o]rders . . ." (Doc. No. 120), Sumner County argues that such a governmental department or division also is not an "entit[y] capable of being sued." (Doc. No. 135.) This Court has found that "police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10cv0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases). While Tennessee law explicitly permits lawsuits against counties, Tenn. Code Ann. § 5-1-105, there is no analogous provision for claims against sheriff's departments. *Mathes*, 2010 WL 3341889, at *2. Courts have applied similar reasoning to find that other governmental departments or divisions, including county medical departments, *Timms v. Tucker*, No. 3:11–cv–1109, 2012 WL 2008599, at *2 (M.D. Tenn. June 5, 2012), *report and recommendation adopted by* 2012 WL 2872053 (M.D. Tenn. July 12, 2012), and county fire departments, *Durham v. Est. of Losleben ex rel. Tatum*, No. 16–1042–STA–egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017), cannot be sued as entities distinct from their counties. Accordingly, even if Harcrow were to identify the Sumner County department "responsible for processing domestic violence protective orders," that department would not be a proper party to this action.

### 2. Dismissal under Rule 41(b)

Dismissal of the claims against Sumner County and the Doe defendants is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Harcrow.

#### a. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*,

261 F.3d at 591)). After Harcrow failed to timely respond to Sumner County's motion for a more definite statement (Doc No. 21) or to serve the Doe defendants as directed by the Court (Doc. No. 4), the Court ordered her to show cause by May 2, 2019, why her claims should not be dismissed for failure to prosecute or to effect service (Doc No. 28). Harcrow did not respond to the Court's order by the deadline, and the Court again ordered her to show cause by May 31, 2019, why her claims should not be dismissed. (Doc. No. 38.) After Harcrow represented that she needed to conduct discovery to identify the Doe defendants (Doc. No. 39), the Court allowed a limited discovery period for that purpose and ordered Harcrow to file a proposed second amended complaint identifying the Doe defendants and stating her claims against them (Doc. No. 57).

Sumner County reports that it received no discovery requests from Harcrow. (Doc. No. 135.) Rather than following the Court's orders to identify the Doe defendants through discovery, Harcrow repeatedly filed complaints stating that she did not know their identities and that discovery was needed to obtain that information (Doc. Nos. 70, 120). Harcrow's failure to comply with multiple court orders that established clear deadlines for compliance constitutes bad faith or contumacious conduct. *See Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (holding that a plaintiff's failure to comply with a court order "constitutes bad faith or contumacious conduct and justifies dismissal"). This factor weighs in favor of dismissal.

### b. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's

interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11–02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Harcrow argues that Sumner County has not been prejudiced by her conduct because "[t]he start date for discovery ha[s] not even been decided." (Doc. No. 147.) But the Court opened discovery for Harcrow to identify the Doe defendants on September 20, 2019. Instead of conducting the discovery she asked for, Harcrow has continued to file pleadings naming Doe defendants and stating that she needs discovery to identify them. Because Harcrow's claims against Sumner County are based on the alleged actions of Doe defendants, her refusal to identify them has required Sumner County to file multiple motions to clarify the claims against it. (Doc. Nos. 21, 22 99, 100, 134, 135.) Where, as here, a defendant has "wast[ed] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide," that defendant has suffered prejudice. *Harmon*, 110 F.3d at 368. Accordingly, this factor also weighs in favor of dismissal.

### c. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Harcrow numerous times that failure to comply with its orders could result in dismissal of her claims under Rule 41(b) for failure to prosecute. (Doc. Nos. 28, 38, 57.) Harcrow has received adequate notice, and this factor weighs in favor of dismissal.

### d. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Based on the foregoing considerations, the Magistrate Judge RECOMMENDS that Sumner County's second motion to dismiss (Doc. No. 134) be GRANTED. The Magistrate Judge recommends that Harcrow's claims against the Sumner County Sheriff and Judicial Commission of Sumner County be dismissed under Rule 12(b)(6) and Harcrow's claims against Sumner County and John Does 1–99 be DISMISSED WITHOUT PREJUDICE under Rule 41(b)(1). Sumner County's first motion to dismiss (Doc. No. 99) should be DENIED AS MOOT.

The docket also reflects that Harcrow's motion to expedite consideration of a motion for a temporary restraining order (Doc. No. 149) is pending, although the Court has denied the motion

15

Case 3:18-cv-00828   Document 161   Filed 02/16/21   Page 15 of 16 PageID #: 2231

for a temporary restraining order (Doc. No. 152). Therefore, the Magistrate Judge further RECOMMENDS that Harcrow's motion to expedite (Doc. No. 149) be ADMINISTRATIVELY TERMINATED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 16th day of February, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge