UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARY BETH HARCROW,

    Plaintiff,

v.

CLYDE HARCROW et al.,

    Defendants.

Case No. 3:18-cv-00828

Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

It has come to the Court's attention that many of pro se Plaintiff Mary Beth Harcrow's filings in this action have not been signed as required by Federal Rule of Civil Procedure 11 and this Court's Local Rules. Among Harcrow's unsigned filings are her third amended complaint (Doc. No. 120), response in opposition to Defendants Joseph Y. Longmire and Angelle H. Richardson's pending motion to dismiss (Doc. No. 173), and response in opposition to Defendant City of Millersville's pending motion to dismiss (Doc. No. 177).

Rule 11 requires "[e]very pleading, written motion, and other paper [to] be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a); *see also* M.D. Tenn. R. 7.03(a) (form) ("All pleadings must be signed as required by Fed. R. Civ. P. Rule 11, and names must be typed or printed beneath all signature lines.") "As Rule 11(a) is now framed, . . . the requirement of a signature [indicates], as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Although registered users of the Court's electronic filing system may satisfy Rule 11(a)'s requirements with a typed signature, *see* Fed. R. Civ. P. 5(d)(3)(C), electronic filings must include

either a facsimile signature or the filing user's name "typed in the space where the signature would otherwise appear preceded by the symbol 's/'[,]" M.D. Tenn. Admin. Order No. 167-1, § 8. If a party does not promptly correct an unsigned paper after the omission is called to their attention, "[t]he court must strike the unsigned paper . . . ." Fed. R. Civ. P. 11(a).

Harcrow has not properly signed her third amended complaint (Doc. No. 120) or her responses to the two currently pending motions to dismiss (Doc. Nos. 173, 177). All three filings include Harcrow's typed name and address beneath the signature line and the symbol "s/" in the space where a signature would otherwise appear, but Harcrow has not typed her name after the symbol "s/" as required by Administrative Order No. 167-1. Further, none of these filings include Harcrow's email address. Therefore, these filings do not comply with the signature requirements of the Federal Rules or of this Court.

Accordingly, Harcrow is ORDERED to refile signed—but otherwise identical—copies of her third amended complaint (Doc. No. 120), response in opposition to Longmire and Richardson's motion to dismiss (Doc. No. 173), and response in opposition to City of Millersville's motion to dismiss (Doc. No. 177) by June 14, 2021. Failure to do so will result in the unsigned filings being stricken under Rule 11. Harcrow is advised that all future papers filed with the Court must be properly signed.

The Clerk of Court is DIRECTED to replace docket entries 120, 173, and 177 with signed versions refiled by Harcrow in accordance with this Order.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

2
Case 3:18-cv-00828   Document 179   Filed 06/07/21   Page 2 of 2 PageID #: 2416