IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY BETH HARCROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00828 |
| ) | |
| CLYDE HARCROW, et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. ) | |

**ORDER**

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 184), which was filed on June 25, 2021. Through the Report and Recommendation, the Magistrate Judge recommends that Defendant Longmire's and Defendant Richardson's motion to dismiss (Doc. No. 165) be denied. The Magistrate Judge further recommends that the City of Millersville's motion for leave to file an untimely responsive pleading (Doc. No. 175) and motion to dismiss Plaintiff's third amended complaint (Doc. No. 175-1) be granted, and that Plaintiff's claims against the City of Millersville be dismissed.

Plaintiff filed objections (Doc. No. 185) to the Report and Recommendation. For the reasons discussed below, the Report and Recommendation will be adopted and approved.

**I.   STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.*

(quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

The Magistrate Judge recommended that the City of Millersville's motion to dismiss be granted as to Plaintiff's 42 U.S.C. § 1983 claim because the third amended complaint had not alleged facts supporting the existence of an unconstitutional municipal policy or custom and as to Plaintiff's Tennessee Code Annotated § 39-17-309 claim because she had not alleged that she was harassed because of her race, color, ancestry, religion, or national origin. (Doc. No. 184 at 16-17). The Court notes that Plaintiff does not challenge the Magistrate Judge's finding that the third amended complaint fails to state a claim under Tennessee Code Annotated § 39-17-309.

Plaintiff's first objection is that the Report and Recommendation "incorrectly implies" that she had been unresponsive to written discovery propounded by Defendants Longmire and Richardson. (Doc. No. 185 ¶ 1). Plaintiff has not demonstrated this objection undermines the Report's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation.

Plaintiff's next objections are that the Report and Recommendation failed to address the "March 2018 Protective Order" or *Matthews v. Pickett County*, 996 S.W.2d 162 (Tenn. 1999). Plaintiff argues that the Magistrate Judge's determination that the City's motion to dismiss should be granted is contradicted by the "special duty to protect" enunciated in *Matthews v. Pickett Cty.*, 996 S.W.2d 162 (Tenn. 1999). (Doc. No. 185 ¶¶ 3-6, 12). In *Matthews v. Pickett Cty.*, the Tennessee Supreme Court held that the defendant police officers were not immune from liability under the Tennessee Governmental Tort Liability Act, Tenn.Code Ann. § 29–20–201 *et seq.*, and

2

could not assert the public-duty defense to a negligence action because the restraining order entered in favor of the plaintiff had created a special duty to protect her. 996 S.W.2d 162, 164-65 (Tenn. 1999). As neither *Matthews* nor the "special duty to protect" have any application to Plaintiff's claim against the City of Millersville under 42 U.S.C. § 1983, the Magistrate Judge did not err in failing to address them in the Report and Recommendation.

Plaintiff's last objection is to the Magistrate Judge's determination that Plaintiff's third amended complaint had not alleged facts supporting the existence of an unconstitutional municipal policy or custom. Specifically, Plaintiff asserts that the Report and Recommendation ignores the facts alleged in paragraphs forty-eight and sixty-seven of the Third Amended Complaint concerning the existence of an unconstitutional policy or custom. (Doc. No. 185 ¶ 9). Those paragraphs allege as follows:

> 48. Following the filing and entry of the "March 9 Protective Order (PFA) from Delaware (Exhibit A) with the Judicial Commission of Sumner County, Plaintiff delivered a copy thereof to Defendant Longmire, Defendant Angelle Richardson, Defendant L. Harcrow, members of Defendant Millersville, TN police force, and agents and officials of the Sumner County government including the Sumner County Judicial Commission, and thereafter, Millersville TN policemen and Sumner County officials told Defendant C. Harcrow that such Order would not be considered or enforced in Sumner County, TN.
>
> 67. The wrongful actions by Defendant C. Harcrow and the named defendants set forth above, acting in concert and according to a common plan, due to their inherently reckless and unreasonably dangerous nature, which were intended to interfere with and obstruct the Plaintiff from the free exercise of Plaintiff's constitutional civil rights, including but not limited to her PFA (Exhibit A), and by doing so, such defendants C. Harcrow and the other defendants named above violated Tennessee Code § 39-17-309 and/or 42 U.S.C. § 1983 by aiding and abetting Defendant C. Harcrow in Harcrow's wrongful actions which violated Plaintiff's civil rights, including but not limited to the Plaintiff's constitutional civil rights of free speech, free access to the judicial system and due process therein, as well as in Plaintiff's PFA (Exhibit A). Such wrongful acts

3

> were aided and abetted by the defendant John Doe police officers 1-99 in the ordinary course of their employment as a result of the lax and permissive policies and customs of the police force of the City of Millersville, TN, and sheriff and Judicial Commission of Sumner County. Defendant Sumner County and the City of Millersville, TN are therefore liable for such bad and wrongful acts of their employees, under the theory of *respondeat superior* for the torts committed by their employees acting to aid and abet Defendant Harcrow in such wrongful, tortious conduct in violation of Plaintiff's constitutional civil rights, and the Plaintiff has been severely and permanently injured and damaged thereby.

(Doc. No. 120 ¶¶ 48, 67). However, contrary to Plaintiff's objection, the Report and Recommendation did not ignore the facts alleged in these paragraphs. Rather, the Magistrate Judge expressly addressed them in her analysis:

> Although Harcrow generally alleges that the "wrongful acts" of individual City of Millersville police officers were the "result of the lax and permissive policies and customs of the police force of the City of Millersville," (*id*. at PageID # 1543, ¶ 67), she has not pleaded any other facts to support the existence of a City policy that directly caused violations of her rights. Therefore, Harcrow's § 1983 claim against the City of Millersville must be dismissed.

(Doc. No. 184 at 16). Additionally, the Court agrees with the Magistrate Judge's finding that the third amended complaint does not include factual allegations to support the existence of a City policy that directly caused violations of Plaintiff's rights. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) ("With no factual allegations showing a formal policy or any prior incidents to support the City of Cleveland's adoption of such an informal practice or custom, Bickerstaff's Monell municipal-liability claim accordingly fails."); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429, 433 (6th Cir. 2005) (holding that a policy or custom cannot be established solely by a single instance of an employee's alleged misconduct).

4

## III.   CONCLUSION

For the reasons described above, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions, nor do they otherwise provide a basis to reject or modify the Report and Recommendation. Thus, having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation (Doc. No. 184) should be adopted and approved. Accordingly, Defendant Longmire's and Defendant Richardson's motion to dismiss (Doc. No. 165) is **DENIED**, the City of Millersville's motion for leave to file an untimely responsive pleading (Doc. No. 175) and motion to dismiss Plaintiff's third amended complaint (Doc. No. 175-1) are **GRANTED**, and Plaintiff's claims against the City of Millersville are **DISMISSED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE